JAMES H. FAULKNER, Retired Justice.
Carolyn Denise Dix was indicted for possession of marijuana for other than personal use in violation of § 13A-12-213, Code of Alabama 1975, and for possession of cocaine in violation of § 20-2-80, Code of Alabama 1975. The cases were consolidated for trial, and the jury found Dix guilty of possession of marijuana for personal use and guilty of possession of cocaine. Dix was sentenced to five years’ imprisonment on the cocaine conviction, with this sentence to be split, with six months to be served in prison and three years to be served on probation. Dix was also sentenced to six months’ hard labor on the *83 marijuana conviction, said sentence to run concurrently with the sentence on the cocaine conviction. Four issues are raised on appeal.
I.
Dix contends that her admission that she lived in the house in which the illegal drugs were found was procured in violation of her rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and was therefore inadmissible at trial. We disagree.
“The Miranda procedural safeguards are required only when a suspect is interrogated in a custodial setting. Miranda, 384 U.S. at 477-78, 86 S.Ct. at 1629-30. ‘Custodial interrogation’ was defined by the Miranda Court as ‘questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.’ Miranda, 384 U.S. at 444, 86 S.Ct. at 1612. Oregon v. Mathiason, 429 U.S. 492, 495, 97 S.Ct. 711, [714] 50 L.Ed.2d 714 (1977).”
Cork v. State, 433 So.2d 959, 961 (Ala.Cr.App.1983).
The inquiry of Deputy Sykes during the search of the premises whereby he asked Dix her name and address did not constitute interrogation or violate the Miranda rule, and the response of Dix that she lived at the premises being searched was admissible. “The questioning was in the nature of general on-the-scene investigation. Miranda does not prevent traditional investigatory functions such as general on-the-scene questioning.” Bui v. State, 551 So.2d 1094, 1108 (Ala.Cr.App.1988), aff’d, 551 So.2d 1125 (Ala.1989).
II.
Dix contends that the state failed to comply with Rule 18 of the Alabama Rules of Criminal Procedure, Temporary, by refusing to allow Dix to discover the following information prior to trial: (1) a business record of the Alabama Power Company which showed Dix’s address for billing and electrical services as being the premises in which the illegal drugs were found; (2) the items seized pursuant to the execution of the search warrant; and (3) the statement made by Dix to Deputy Sykes during the search.
(1) With respect to the Alabama Power Company business record, Rule 18.1(c), A.R.Cr.P.Temp., provides that the defendant be permitted “to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places or portions of any of these things, which are within the possession, custody, or control of the state” (emphasis supplied). The Alabama Power Company business record, which was in the possession of Mr. Ivey Benton as supervisor of customer accounting of Alabama Power Company, was not in the possession or control of the state and hence not discoverable under Rule 18.1, A.R.Cr.P.Temp.
(2) With respect to the items seized in the search, it is undisputed that a detailed list of these items was contained on the return filed by the sheriff’s office in Dix’s consolidated case files. Defense counsel thus had constructive knowledge of the identity of these items from the inception of Dix’s cases, but no request to inspect these items was ever made.
Dix was initially represented by Roger Apell, who represented her through the preliminary hearing phase. Subsequently, Wilson Dinsmore was retained to represent Dix at trial and on appeal. Dinsmore, who clearly had time to inspect the items enumerated on the return prior to trial, instead sent a certified letter to the district attorney’s office less than one month before trial. In the letter, Dinsmore requested, inter alia, that he be apprised of “any papers, books, documents, tangible objects or any other such items that are in your possession or the possession of law enforcement [sic] or which you intend to offer at trial that would tend to tie this Defendant to that residence or to any items taken from that residence.” Nowhere in this letter does Dinsmore request an inspection of the items seized in the search of the residence—in fact, Dinsmore’s use of the phrase “items ... that would tend to tie *84 this Defendant ... to any items taken from that residence” implies that Dinsmore wanted to discover the identity of any incriminating evidence obtained outside the parameters of the search warrant.
At the beginning of Dix’s consolidated trial, Dinsmore made an oral motion in limine to prevent the state from introducing any items which were seized by the police in execution of the search warrant because the prosecutor failed to disclose these items to defense counsel prior to trial in accordance with his request in the certified letter.
The prosecutor stated to the court that because the list of items seized during the search was part of the court record and was constructively known to defense counsel, he construed Dinsmore’s letter to mean the identity of any items outside the search warrant which might link Dix to the premises searched or the items seized therein.
Dinsmore then admitted to the trial court that he remembered looking at the search warrant itself in the court’s files but said that he could not specifically recall looking at the list of items contained on the return. The court then denied Dix’s motion in li-mine and provided defense counsel an opportunity to see the items before the trial started.
We therefore hold that because defense counsel never requested an inspection of the items seized during execution of the search warrant, which items defense counsel had constructive knowledge of through publication in the court files, no violation of the disclosure provisions of Rule 18, A.R. Cr.P.Temp., occurred.
(3) With respect to Dix’s admission that she lived in the house in which the illegal drugs were found, Rule 18.1(a)(2), A.R.Cr.P.Temp., requires the district attorney “[t]o disclose the substance of any oral statements made by the defendant before or after arrest to any law enforcement officer, official, or employee which the state intends to offer in evidence at the trial.”
In the certified letter to the district attorney’s office, defense counsel specifically requested that he be informed of “any written, recorded or oral statements made or purportedly made by the Defendant or co-Defendants either before or after arrest to any law enforcement officers.”
Although the prosecutor failed to disclose to defense counsel Dix’s admission that she lived at the premises where the illegal drugs were found, the prosecutor did turn over to Dix’s initial defense counsel three exculpatory items of evidence discovered during the search of the premises: copies of a Parisian department store bill, and statements relating to a joint savings account and a joint checking account, all of which listed as Dix’s residence an address different from the address of the premises wherein the illegal drugs were found. Dix’s subsequent defense counsel admitted these three exculpatory documents into evidence at her trial.
We therefore find the prosecutor’s failure to disclose Dix’s admission that she lived at the premises wherein the illegal drugs were found to be harmless error due to the co-existence of the following circumstances: (1) the state presented independent evidence in the form of an Alabama Power Company business record to show that Dix received electrical service and utility bills at the address where the illegal drugs were found; (2) Dix testified at trial that she did reside at the premises where the illegal drugs were found, thereby vitiating any purported error in the'admission of Dix’s statement to the police officer; and (3) the state turned over to defense counsel exculpatory evidence which was admitted into evidence at trial and which tended to contradict Dix’s admission.
III.
Dix contends that the trial court committed reversible error in admitting into evidence a business record of Alabama Power Company which had not been properly authenticated. We disagree.
“Under the Alabama Business Record Act, Code 1975, § 12-21-43, a properly authenticated business record is admissible in evidence when a foundation, as outlined in the Code, is laid by the propo *85 nent of the evidence. Section 12-21-43 requires that it be shown (1) that the record or writing was made as a memorandum or record of an act, transaction, occurrence, or event; (2) that the record was made in the regular course of business to make such a memorandum or record at the time of such act, transaction, or occurrence, or event, or within a reasonable time thereafter. See also C. Gamble, McElroy’s Alabama Evidence § 254.01(3) (3d ed. 1977).”
Ex parte Frith, 526 So.2d 880, 882 (Ala.1987).
The facts reveal that the state established the requisite predicate for the admission of Alabama Power Company’s “Statement of Electric Service Account for Carolyn Denise Dix”: (1) the record was identified by Ivey Benton, a supervisor of customer accounting for Alabama Power Company; and (2) Benton testified that Dix had an account with Alabama Power and that the “Statement of Electric Service Account” was a correct and accurate record of the transaction which Benton had reviewed; that this record was made under his supervision; that it was originally made at the time of the transaction; and that the record was kept in the regular course of business, with the originals being in the form of microfiche and unavailable. Hence, no error occurred in admitting such business record into evidence.
IV.
Finally, Dix contends that the trial court erred in not granting her motion to suppress the fruits of the search warrant because the affiant, Deputy Sykes, did not swear to the information contained in the warrant in front of the issuing judge.
Section 15-5-4, Code of Alabama 1975, provides:
“Before issuing a search warrant, a judge, or magistrate authorized by law to issue search warrants, must examine on oath the complainant and any witness he may produce, take their depositions in writing, and cause them to be subscribed by the persons making them. Such depositions must set forth facts tending to establish the grounds of the application or probable cause for believing that they exist.”
The “search affidavit” reflects that Deputy Sykes personally appeared before Circuit Judge Hand and swore to the facts of the affidavit. This affidavit is signed by both Deputy Sykes and the judge. The search warrant signed by the circuit judge recites “[pjroof by affidavit having this day been made before me as Judge.”
Although the questions of the prosecutor at the suppression hearing appear to suggest that the affiant swore to and subscribed to the information in the affidavit before going to see the circuit judge who executed the search warrant, the testimony of the affiant at trial revealed that the affiant did swear to the contents of the affidavit in Judge Hand’s presence. We therefore hold that the requirements of § 15-5-4, Code of Alabama 1975, were met in this case and that the trial court properly denied the motion to suppress. See Miller v. State, 440 So.2d 1127, 1128 (Ala.Cr.App.1983).
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.